ON APPLICATION FOR ADMISSION TO THE BAR
PER CURIAM.
|, Petitioner, Christopher A. Minias, failed the February 2012 Louisiana Bar Examination. Thereafter, the Committee on Bar Admissions (“Committee”) opposed petitioner’s application to sit for the July 2012 bar exam, on the ground that petitioner had cheated on the February exam by typing and saving his responses to the multiple choice questions on the Civil Code I examination after time was called.[1]
*1063 Petitioner then applied to this court, seeking permission to sit for the July 2012 bar exam. We denied the application pending an investigation into the allegations against petitioner relating to his conduct during the February 2012 bar exam. In re: Minias, 12-1459 (La.6/28/12), 92 So.3d 343. We also appointed a commissioner to conduct a hearing in the matter, and our order provided that upon receipt of the commissioner’s report addressing his “specific findings with regard to the allegations against petitioner, ...” we would make a determination whether petitioner would be permitted to sit for a future bar examination.
The commissioner conducted a character and fitness hearing pursuant to Supreme Court Rule XVII, § 9(D). At the conclusion of the hearing, the commissioner filed his report with this court, finding that petitioner did not act dishonestly in typing and saving his multiple choice responses after time was Rcalled because he had handwritten the responses onto his copy of the exam questions before time was called. The commissioner found credible petitioner’s explanation that he was not attempting to gain an undue advantage over the other examinees by his actions and concluded that petitioner had merely engaged in an ill-conceived effort to “preserve” his multiple choice responses on his USB key in the event he could persuade the Committee to grade them. Based on these findings, the commissioner recommended that petitioner be permitted to sit for the next available bar exam. The Committee objected to the commissioner’s recommendation, and oral argument was conducted before this court pursuant to Supreme Court Rule XVII, § 9(D)(11).
The undisputed facts in the record establish petitioner typed and saved his responses to the multiple choice questions on the February 2012 Civil Code I examination after time was called. Nonetheless, the objective facts in the record do not answer the critical question of whether petitioner acted with a dishonest state of mind or in hopes of gaining an unfair advantage. Resolution of this issue turns in large measure on petitioner’s credibility.
Following a lengthy hearing in the matter, which included petitioner’s testimony, the commissioner accepted petitioner’s version of events as credible and concluded that his actions may have been unwise but were not dishonest. We cannot say this credibility finding is clearly wrong. See In re: Hinson-Lyles, 02-2578, n. 6 (La.12/3/03), 864 So.2d 108. Accordingly, we will accept the commissioner’s recommendation and allow petitioner to sit for the next regularly scheduled bar examination.[2]
JíjlECREE
For the reasons assigned, it is ordered that the application by petitioner seeking permission to sit for the Louisiana Bar Examination be and hereby is granted.

. At the conclusion of each separate subject matter examination, the candidates who are *1063 taking the bar exam with a laptop computer save their answers on a data storage device known as a "USB key,” which is then turned in to a bar admissions representative at the exam site for subsequent printing and grading of the responses by the Committee.

. In reaching this conclusion, we take this opportunity to emphasize to petitioner and all other applicants to the Louisiana bar that it is unacceptable to disregard the instructions of the Committee staff during the administration of the bar examination. Although we accept petitioner’s explanation for his actions under the unique circumstances of this case, we caution that any applicant who fails to follow instructions during the bar examination will bear a heavy burden in order to establish that their actions do not reflect adversely on their good moral character.